Fletcher Long, Jr., Prosecuting Attorney First Judicial District Post Office Box 365 Forrest City, AR 72336
Dear Mr. Long:
I am writing in response to your request for my opinion on the following questions, which are identical to two questions I addressed in Ark. Op. Att'y Gen. No. 2007-009:
Is it a criminal offense for a county official to overspend his appropriation in a given calendar year?
If a county official overspends his appropriation in a given calendar year, but the county receives goods and/or services as a result of the over expenditure, does the county have a civil cause of action against the public official to recover all or any part of the over expenditure?
In my initial response, I noted that I could answer these general questions only by setting forth the legal standards I felt would apply in addressing any particular challenge.
You have since provided me with the following factual background:
The office in question is that of County Judge, and the information requested deals with the County Judge who left office December 31st, 2006.
Attached as Exhibit "A", is the budget printout for the St. Francis County Road Department for the year 2006. On the second page of that printout, you can see that as of January 5th, 2007, the County Judge's budget for the road department for the year 2006 was $1,420,883.00. As of the first of the year, $1,417,449.05 had actually been paid from county funds toward that budget leaving a balance of $3,433.95 as budgeted but not spent. Attached as Exhibit "B" is a list of all bills incurred by the County Judge which were not paid during the year 2006. I would like for you to assume for the purposes of my questions that these bills were for services actually performed or goods actually supplied. From the dates on the bills, you see that many of them were incurred earlier on in the year 2006 and all of them during the year 2006, and thus presumably should have been paid from the Judge's 2006 budget. Since the bills appear to be legitimate, it was necessary to pay them out of 2007 funds, thus resulting in an over expenditure of the County Judge's budget for 2006 in the sum of $100,106.09.
Your underlying questions, then, appear to be whether it is appropriate to pay for expenses incurred by a county judge in one year with revenues collected in the following year and, if not, what remedies might lie against the county judge who authorized the over expenditures. This situation apparently arose because the county judge issued no allowances, and the county clerk issued no warrants, for the expenses at issue during the year they were incurred.
RESPONSE
Question 1: Is it a criminal offense for a county official to overspend his appropriation in a given calendar year?
As you did in your initial request, to which I responded in Ark. Op. Att'y Gen. No. 2007-009, you have couched your question in general terms, which is fully appropriate inasmuch as I am neither equipped nor authorized to opine on how general principles of law might apply in a particular situation for purposes of determining appropriate prosecutorial action, if any. In your renewed request, you have identified the county official at issue and explained how it is he might have committed the county to expenditures in excess of his budget in a given calendar year. However, applying the law to the facts you have recited is essentially a prosecutorial function. I can do no more than set forth what I take to be the applicable law, which is what I did in Opinion No. 2007-009. Accordingly, I can offer no counsel other than reiterating that the various causes of action outlined in my previous response may or may not apply, depending upon the circumstances.
Question 2: If a county official overspends his appropriation in a given calendar year, but the county receives goods and/or services as a result of the over expenditure, does the county have a civil cause of action against the public official to recover all or any part of the over expenditure?
As reflected in my response to your second question in Opinion No.2007-009, the courts have not been entirely consistent in determining whether a local government might be bound, whether under a theory of quantum meruit or otherwise, by the unauthorized actions of a local official. See Ark. Op. Att'y Gen. No. 2006-124 (discussing this issue). With respect to the particular question of whether a local official might be personally liable to repay unauthorized expenditures, I can offer no more than the following from my previous opinion: "I am unaware of any authority that would make a county official personally liable for exceeding his budget, however that circumstance might arise."
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General